UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODGER JENKINS,<br><br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>XPRESSPA GROUP, INC.,<br><br>　　　　　　　　　Defendant. | No:  19-cv-1774<br><br><br>**COMPLAINT** |

　　　　Plaintiff Rodger Jenkins, by his attorneys Harris Beach PLLC, states as follows for his complaint against Defendant XpresSpa Group, Inc.:

## STATEMENT OF THE CASE

　　　　1.　　This is an action for injunctive relief, compensatory damages, attorneys' fees, expenses, costs, and pre- and post-judgment interest based upon claims of breach of contract.

　　　　2.　　These claims are based upon Defendant's breach of a stock purchase agreement with Plaintiff Rodger Jenkins.

## JURISDICTION AND VENUE

　　　　3.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), because this is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

　　　　4.　　This Court has personal jurisdiction over XpresSpa pursuant to N.Y. CPLR §§ 301 and 302 and by virtue of its specific and general contacts with this judicial district, including, but not limited to, its continuous and systematic residence in this judicial district. Furthermore, this action arises under a Stock Purchase Agreement, a copy of which is attached to

this complaint as Exhibit 1, in which the parties "irrevocably submit[] to the exclusive jurisdiction and venue" of this Court. Ex. 1 at § 12.12.1.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this complaint occurred and continue to occur in this judicial district. In addition, in the Stock Purchase Agreement, the parties "irrevocably submit[] to the exclusive jurisdiction and venue" of this Court. Ex. 1 at § 12-12.1.

## THE PARTIES

6. Plaintiff Rodger Jenkins ("Mr. Jenkins") is an individual resident of the State of Tennessee.

7. Defendant XpresSpa Group, Inc. ("XpresSpa"), formerly FORM Holdings, Corp. ("FORM Holdings), is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York. XpresSpa may be served with process through its registered agent, VCorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, Delaware 19805.

## FACTS

1. FORM Holdings operated as a diversified holding company specializing in identifying, investing in, and developing small-and middle-market growth companies.

2. On February 2, 2017, FORM Holdings acquired Excalibur Integrated Systems, Inc. ("Excalibur") pursuant to the Stock Purchase Agreement attached to this complaint as Exhibit 1.

3. Excalibur was in the business of designing, installing, and integrating technology solutions, including data collection and wireless integration products, and providing customers with reliable remote access to data.

4. At the time of the acquisition, Mr. Jenkins held eighty percent (80%) of the shares in Excalibur. Gregory Jones held the remaining twenty percent (20%) of Excalibur shares.

5. Under the Stock Purchase Agreement, as consideration for its purchase of Excalibur's shares, FORM Holdings agreed to financially compensate Mr. Jenkins and Mr. Jones, either in cash or in shares of its common stock (the "FORM Securities"), in an amount dependent upon the sales generated by certain customer accounts identified in the Stock Purchase Agreement (the "Seller's Accounts").

6. Specifically, Section 2.3 of the Stock Purchase Agreement provides that Mr. Jenkins and Mr. Jones are each to receive $500,000 in FORM Securities or cash for every $2,000,000 in sales generated by the Seller's Accounts during the first three years following the acquisition, until the gross profit of sales generated by their accounts totals $6,000,000.

7. However, Section 2.5 of the Stock Purchase Agreement authorizes an acceleration of the consideration provided for in Section 2.3 in the event of a change of control of FORM Holdings' subsidiary, Group Mobile International LLC ("Group Mobile").

8. The Stock Purchase Agreement provides that, in the event of a change of control of Group Mobile, FORM Holdings must pay $750,000 to Mr. Jenkins and Mr. Jones within sixty (60) business days from the change of control if (a) more than 25% of Group Mobile's aggregate revenue was then derived from accounts attributable to the efforts of FORM Holdings and/or Mr. Jenkins or Mr. Jones and (b) Mr. Jenkins had met all applicable sales targets during his employment by Group Mobile.

9. According to Section 2.5 of the Stock Purchase Agreement, Mr. Jenkins' sales targets for his employment with Group Mobile – and for the purposes of the acceleration of consideration provision – were to be set forth in the employment agreement attached to the Stock

Purchase Agreement as Exhibit C. That employment agreement, however, sets no sales targets for Mr. Jenkins.

10. Group Mobile never otherwise established or communicated definite sales targets for Mr. Jenkins during his employment. However, at the time of the acquisition, Group Mobile derived more than 25% of its aggregate revenue from Mr. Jenkins' accounts, and Mr. Jenkins complied with all terms of his employment.

11. In January 2018, FORM Holdings changed its corporate name to XpresSpa Group, Inc.

12. On March 23, 2018, XpresSpa sold Group Mobile to Route1 Inc. This sale was a change of control of Group Mobile under the Stock Purchase Agreement.

13. Upon information and belief, the Seller's Accounts had generated over $2,000,000 in sales by March 23, 2018.

14. Pursuant to the terms of the Stock Purchase Agreement, XpresSpa was required to pay Mr. Jenkins $750,000 within sixty (60) business days after the March 23, 2018 sale of Group Mobile.

15. XpresSpa failed to pay Mr. Jenkins $750,000 within sixty (60) days following the acquisition of Group Mobile and continues to refuse to pay Mr. Jenkins as required by the Stock Purchase Agreement.

16. Section 12.13 of the Stock Purchase Agreement provides for the remedy of specific performance of any contractual term "breached or violated" by any party.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

17. Mr. Jenkins incorporates by reference the allegations of the foregoing paragraphs of this complaint.

18. The Stock Purchase Agreement constitutes a valid and enforceable contract between XpresSpa and Mr. Jenkins.

19. All conditions precedent to Mr. Jenkins receiving the consideration set forth in Section 2.5 of the Stock Purchase Agreement were satisfied on March 23, 2018.

20. XpresSpa breached or violated the Stock Purchase Agreement by failing to pay Mr. Jenkins the consideration provided in Section 2.5 of the Stock Purchase Agreement within sixty (60) days of the change in control of Group Mobile.

21. As a direct and proximate result of XpresSpa's breach of contract, Mr. Jenkins has suffered damages.

**WHEREFORE**, Mr. Jenkins respectfully requests that the Court:

(a) Issue process to be served on XpresSpa;

(b) Enter judgment in favor of Mr. Jenkins and against XpresSpa and award Mr. Jenkins specific performance and compensatory damages in an amount to be proved at trial;

(c) Award Mr. Jenkins his attorneys' fees, expenses, costs, and pre- and post-judgment interest to the extent allowed;

(d) Tax the costs of this action against XpresSpa;

(e) Grant Mr. Jenkins such other and further relief to which he is entitled at law or in equity.

Dated:  February 25, 2019
        New York, New York

                                               Respectfully submitted,

                                               **HARRIS BEACH PLLC**

                                               /s/ Andre J. Major
                                               Andre J. Major
                                               100 Wall Street, 23rd Floor
                                               New York, New York 10005
                                               (212) 687-0100
                                               amajor@harrisbeach.com

                                               *Of Counsel:*
                                               Zachary H. Greene
                                               Megan B. Welton
                                               MILLER & MARTIN PLLC
                                               1200 Volunteer Building
                                               832 Georgia Avenue
                                               Chattanooga, Tennessee 37402
                                               Telephone (423) 756-6600
                                               Facsimile (423) 785-8293
                                               zac.greene@millermartin.com
                                               megan.welton@millermartin.com

                                               ***Attorneys for Plaintiff Rodger Jenkins***