UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODGER JENKINS, et al.,

                    Plaintiffs,

against

XPRESSPA GROUP, INC.,

                    Defendant.

CIVIL ACTION NO.: 19 Civ. 1774 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is the motion of Plaintiffs Rodger Jenkins ("Jenkins") and Gregory Jones ("Jones") (together, "Plaintiffs") for sanctions under Federal Rules of Civil Procedure 30(d)(2), 37(b), and 37(d), and the Court's inherent authority, against Defendant XpresSpa Group, Inc. ("XpresSpa") for its conduct in connection with the deposition of XpresSpa's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). (ECF No. 84) (the "Sanctions Motion"). XpresSpa opposes the motion (ECF No. 90), and the Honorable Valerie E. Caproni has referred the Sanctions Motion to the undersigned. (ECF No. 94). Following a review of the parties' submissions and the full record in this case, the Sanctions Motion is DENIED.

**I.    BACKGROUND**

This action involves a dispute over an earn-out provision in a Stock Purchase Agreement ("SPA") for the sale of Plaintiffs' business. Plaintiffs allege that the SPA entitled them to earn "subsequent consideration" if certain benchmarks were met, and, if three conditions occurred, payment of the subsequent consideration would be accelerated. (ECF No. 81 ¶¶ 7–13).

On December 20, 2019, the parties concluded fact discovery. (ECF No. 57). XpresSpa produced over 11,000 pages of documents, and Plaintiffs took the depositions of Andrew Perlman and Anastasia Nyrkovskaya, XpresSpa's former CEO and CFO, respectively. (ECF No. 84

at 4). Plaintiffs noticed a Rule 30(b)(6) deposition of XpresSpa, initially listing 18 topics, and later 23 topics, for examination. (ECF Nos. 73 at 1; 86 Exs. 1, 2) (together, the "Rule 30(b)(6) Notices").

Because "no person currently employed by [XpresSpa] [had] firsthand knowledge of the subjects" in Plaintiffs' Rule 30(b)(6) Notices, the parties negotiated and ultimately agreed in a Stipulation and Order entered by the Court on December 19, 2019 (the "Stipulation and Order") "to streamline the Rule 30(b)(6) deposition and the preparation therefor" by "stipulat[ing] to certain facts and treat[ing] the testimony of" Mr. Perlman and Ms. Nyrkovskaya, who were "the two persons best suited to provide firsthand, non-privileged testimony of the subjects" in the Rule 30(b)(6) Notices, "the same as if they were designated as corporate representatives under Rule 30(b)(6)." (ECF No. 73 at 2). Pursuant to the Stipulation and Order, XpresSpa agreed to designate a Rule 30(b)(6) witness to testify on five topics:

(1) XpresSpa's communications regarding Sections 2.3 and 2.5 of the SPA or any other contractual earn-out or subsequent consideration obligation to Jenkins or Jones (limited to communications with Route1);

(2) XpresSpa's communications regarding the negotiation, terms, and performance of Jenkins' employment agreement with Group Mobile (limited to communications with Route1);

(3) All facts supporting XpresSpa's denial of the allegations of paragraph 20 of the Joint Second Amended Complaint;

(4) All facts supporting XpresSpa's denial of the allegations of paragraph 25 of the Joint Second Amended Complaint; and

(5) All facts supporting any affirmative defense asserted by XpresSpa.

(ECF No. 73 ¶¶ 4.d, 4.e, 4.p–r). The Stipulation and Order provided that if the Rule 30(b)(6) designee "testifies that he has no additional information other than what is already in the record, [he] shall not be required to answer further questions on this subject," defining the "record" to include Mr. Perlman's and Ms. Nyrkovskaya's deposition transcripts and the parties' document productions. (Id. ¶ 5).

On December 19, 2019, the day before the end of the discovery period, Plaintiffs took the deposition of XpresSpa's Rule 30(b)(6) witness, Bruce Bernstein, Chairman of the Board of XpresSpa. (ECF No. 86-5 at 4). The deposition lasted about four hours, excluding breaks, and resulted in an over 140-page transcript of Mr. Bernstein's testimony. (Id. at 5–39). When asked what he did to determine XpresSpa's knowledge of the five deposition topics, Mr. Bernstein testified that he conducted a search for anyone with personal knowledge about Plaintiffs or the SPA, and found "no one." (ECF No. 86-5 at 9). He testified that he spent 90 minutes with his counsel the day before, preparing for the deposition and reviewing 10–50 documents. (Id. at 11, 36). Although he was aware that Mr. Perlman and Ms. Nyrkovskaya had been deposed, he admitted that he had not read the transcripts of their testimony. (Id. at 8).

Plaintiffs base their Sanctions Motion on perceived deficiencies in Mr. Bernstein's testimony as to three of the five agreed-on topics, 4.e, 4.d, and 4.r. (ECF Nos. 85 at 9–15; 90 at 11).

With respect to XpresSpa's communications with Route1 about sections 2.3 and 2.5 of the SPA (ECF No. 73 ¶ 4.d), Mr. Bernstein testified that Route1 informed XpresSpa that Route1 would not assume any liability under the SPA, but XpresSpa was unaware of specific communications aside from what appeared in its document production and in the deposition testimony of Mr. Perlman and Ms. Nyrkovskaya. (ECF Nos. 86-5 at 24–27; 90 at 9–10).

With respect to XpresSpa's communications with Route1 regarding the negotiation, terms, and performance of Mr. Jenkins' employment agreement with Group Mobile (ECF No. 73 ¶ 4.e), Mr. Bernstein answered questions about specific documents presented as exhibits, and otherwise testified that XpresSpa did not have information beyond what appeared in its document production and in the deposition testimony of Mr. Perlman and Ms. Nyrkovskaya. (ECF No. 86-5 at 12–13, 26–28). By Plaintiffs' count, Mr. Bernstein stated approximately 40 times a

variant of the response that XpresSpa did not have information beyond that contained in its document production and the deposition testimony of Mr. Perlman and Ms. Nyrkovskaya. (ECF No. 85 at 15).

With respect to facts relating to XpresSpa's affirmative defenses (ECF No. 73 ¶ 4.r), Mr. Bernstein testified that he did not know of any facts supporting XpresSpa's Second Affirmative Defense. (ECF No. 86-5 at 21). As to the Third Affirmative Defense, Mr. Bernstein testified that he was not aware of facts other than the employment agreement between Mr. Jenkins and Route1. (Id.) He also testified briefly about facts supporting the Fifth, Sixth, and Eighth Affirmative Defenses. (Id. at 22–23).

XpresSpa admits that there were "various points during the deposition where Mr. Bernstein appeared uncertain and was unable to remember information that he reviewed as part of his preparation for the deposition," and in three instances, consulted with his counsel off the record to refresh his recollection. (ECF No. 90 at 13; ECF No. 86-5 at 10, 11, 14). During the deposition, XpresSpa's counsel stated that Mr. Bernstein was exercising his right to "read and sign" the transcript pursuant to Rule 30(e). (ECF No. 86-5 at 3).

On January 3, 2020, at a status conference before Judge Caproni, Plaintiffs raised their concerns about Mr. Bernstein's deposition, and, after hearing from both sides, Judge Caproni set a briefing schedule for the Sanctions Motion. (ECF No. 78 at 1). On March 3, 2020, the Sanctions Motion was referred to the undersigned. (ECF No. 94).

## II. DISCUSSION

Invoking Rule 30(d), Rule 37(e), and the Court's inherent authority, Plaintiffs seek reimbursement of their attorneys' fees and expenses in conducting Mr. Bernstein's deposition and bringing the Sanctions Motion, as well as an order striking XpresSpa's affirmative defenses

and precluding XpresSpa from advancing those defenses at trial. (ECF No. 85 at 20). For the reasons set forth below, the Court finds that none of the relief Plaintiffs seek is warranted.

### A. Applicable Legal Standards

Pursuant to Rule 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Reilly v. NatWest Markets Grp., Inc., 181 F.3d 253, 268 (2d Cir. 1999). The corporation must then designate a representative to testify on its behalf and that representative "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If the corporate representative lacks "personal knowledge concerning the matters set out in the deposition notice," then "the corporation is obligated to prepare them so that they may give knowledgeable answers." Spanski Enters., Inc. v. Telewizja Polska, S.A., No. 07 Civ. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009). The corporation "must make a conscientious good faith endeavor to designate the persons having knowledge of the matters [identified] . . . and to prepare those persons in order that they can answer fully, completely, [and] unevasively, the questions posed . . . as to the relevant subject matters." Eid v. Koninklijke Luchtvaart Maatschappij N.V., 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (internal citation omitted). The corporation "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997). If the corporation does not possess knowledge of the topics in the Rule 30(b)(6) deposition notice, "then its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.'" Bigsby v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (quoting Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 76 (D. Neb. 1995) and Fed. R. Civ. P. 30(b)(6)). As with other types of discovery, "a Rule 30(b)(6) deposition notice is

subject to the limitations under Federal Rule 26—deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No. 14 Civ. 09371 (KPF) (SN) et al., 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (internal citations omitted).

"When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions . . . ." Reilly, 181 F.3d at 268. Here, because the Rule 30(b)(6) deposition topics were memorialized in the Stipulation and Order, Plaintiffs invoke Rule 37(b), which permits a court, where a party has failed to obey a court order, to "issue further just orders," including, inter alia, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)–(iii). "The decision whether to impose such a sanction is within the district court's sound discretion." Ramgoolie v. Ramgoolie, 333 F.R.D. 30, 34 (S.D.N.Y. 2019)."

In addition, Rule 37(d) provides that if a person designated under Rule 30(b)(6) "fails . . . to appear for that person's deposition," then "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). In determining whether to award sanctions, "courts treat the production of an unprepared [Rule 30(b)(6)] witness as 'tantamount to a failure to appear.'" Crawford v. Franklin Credit Mgmt. Corp., 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (quoting Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007)). For the Court to impose sanctions for non-compliance with Rule 30(b)(6), "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." Kyoei Fire, 248 F.R.D. at 152. "[C]ourts are reluctant to award

sanctions on the basis of deficient Rule 30(b)(6) testimony when counsel fail[ed] to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated." Agniel v. Central Park Boathouse LLC, No. 12 Civ. 7227 (NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015).

In exercising discretion to award discovery sanctions under Rule 37, "courts consider the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of noncompliance." Ramgoolie, 333 F.R.D. at 34. Courts may also consider prejudice suffered by the movant, which "may serve as a compelling consideration in support of dispositive relief," but a lack of prejudice "should not be given significant weight in the overall analysis." Local Union No. 40 of the Int'l Assoc. of Bridge v. Car-Win Constr., Inc., 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015). "These factors are not exclusive, and it is not an abuse of discretion to impose sanctions where only some of the factors have been implicated." Ramgoolie, 333 F.R.D. at 35. "Any decision under Rule 37 should be made in light of the full record in the case." Id. (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)).

### B. Application of Legal Standards

Plaintiffs argue that XpresSpa should be sanctioned for its conduct at the Rule 30(b)(6) deposition for two reasons: (1) that Mr. Bernstein's answers were non-responsive and constitute a failure by XpresSpa to appear for its deposition; and (2) that Mr. Bernstein's answers demonstrated a lack of good faith by XpresSpa. (ECF No. 85 at 15–19). Having reviewed the

parties' correspondence leading up to the Rule 30(b)(6) deposition and the entire transcript of that deposition, the Court concludes otherwise.[1]

With respect to Plaintiffs' first argument, the Court finds that, while not a model of clarity or grammatical correctness, Mr. Bernstein's answers were responsive to Plaintiffs' counsel's questions and did not amount to a failure of XpresSpa to appear at its Rule 30(b)(6) deposition. Plaintiffs do not take issue with Mr. Bernstein's testimony as to two of the five topics in the Rule 30(b)(6) deposition notices, and Mr. Bernstein did in fact testify for nearly four hours as reflected in the over-140-plus pages of the transcript. Accordingly, "the time and effort taken by" Plaintiffs' counsel to conduct XpresSpa's Rule 30(b)(6) deposition "was surely not wasted." Agniel, 2015 WL 463971, at *3 (declining to award sanctions for "failure to appear" where Rule 30(b)(6) witness testified sufficiently as to six of nine topics and otherwise testified at length); Fashion Exch. LLC v. Hybrid Promotions, LLC, 333 F.R.D. 302, 308 (S.D.N.Y. 2019) (declining to award sanctions where Rule 30(b)(6) witness testified for over six hours and gave substantive answers on most topics); Bank of N.Y., 171 F.R.D. at 152 n.10 (declining to award costs where Rule 30(b)(6) witness provided sufficient testimony on one of the noticed topics).

In addition, to the extent that Plaintiffs' counsel was dissatisfied with Mr. Bernstein's general references to Mr. Perlman's and Ms. Nyrkovskaya's deposition testimony and XpresSpa's document productions, there was no impediment to Plaintiffs' counsel confronting Mr. Bernstein with excerpts from those deposition transcripts and asking him to adopt or reject particular answers those witnesses had given. Similarly, XpresSpa's document production of 11,000 pages

---

[1] XpresSpa argues that Plaintiffs' Sanctions Motion should be denied as procedurally defective because Plaintiffs did not give Mr. Bernstein his requested opportunity to review his transcript and did not meet and confer before filing the Sanctions Motion. (ECF No. 90 at 14–15). Because Plaintiffs raised their concerns about XpresSpa's Rule 30(b)(6) deposition with Judge Caproni at the January 3, 2020 conference, at which time she heard from the parties and set a briefing schedule, the Court finds that the Sanctions Motion was not procedurally defective. (ECF No. 78).

in this case is not so voluminous as to have prohibited Plaintiffs' counsel from extracting and presenting Mr. Bernstein with key communications or other documents on which to answer with greater detail. It is well-settled that a Rule 30(b)(6) deposition is not a "memory contest." Blackrock Allocation Target Shares, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) (explaining that a Rule 30(b)(6) deposition "should not be a 'memory contest' of topics better suited to a written response or a supplemental document production") (quoting Equal Employment Opportunity Comm'n v. Am. Int'l Grp., Inc., No. 93 Civ. 6390, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994)); see Molgora v. Sharinn & Lipshie, P.C., No. 17 Civ. 03766 (SN), 2018 WL 739581, at *2 (S.D.N.Y. Feb. 6, 2018) (same); Dealer Comput. Servs., Inc. v. Curry, No. 12 Civ. 3457 (JMF) (JLC), 2013 WL 499520, at *4 (S.D.N.Y. Feb. 7, 2013) (noting that a Rule 30(b)(6) deposition is "not a quiz"). This case is no exception, particularly where the parties agreed in advance of the deposition that "there is no person currently employed by [XpresSpa] with firsthand knowledge of the subjects in the" Rule 30(b)(6) Notices, and that if Mr. Bernstein testified "that he has no additional information other than what is already in the record," he was not "required to answer further questions on this subject." (ECF No. 73 at 1, 6). Accordingly, the Court concludes that any "limited inadequacies" in Mr. Bernstein's testimony do not rise to the level of sanctionable conduct. Agniel, 2015 WL 463971, at *3.

With respect to Plaintiffs' second argument in support of sanctions, the Court finds that the full record of this case does not support a finding of bad faith on the part of XpresSpa under 28 U.S.C. § 1927. See Estate of Sauter v. Citigroup Inc., No. 14 Civ. 5812 (LGS), 2015 WL 3429112, at *4 (S.D.N.Y. May 27, 2015) (requiring a "high degree of specificity in the factual findings" before § 1927 sanctions are warranted). As noted above, XpresSpa informed Plaintiffs that no one presently at XpresSpa had firsthand knowledge of the topics in the Rule 30(b)(6) notices, and that Mr. Perlman and Mr. Nyrkovskaya were "best suited to provide firsthand" testimony on

those topics. (ECF No. 73 at 1–2; see also ECF No. 86-3 at 3 ("there is no one currently with the company who knows more than Andrew and Anastasia")). XpresSpa also warned that the "sole basis" for testimony of its Rule 30(b)(6) witness was "going to be the documents we produced and the deposition testimony" of Mr. Perlman and Ms. Nyrkovskaya, which Plaintiffs already possessed. (ECF No. 86-3 at 5; see ECF No. 73 at 6 (providing that Rule 30(b)(6) witness would not be "required to testify" "beyond what is already in the record")). Notwithstanding this knowledge, Plaintiffs insisted on the Rule 30(b)(6) deposition, and now profess surprise and disappointment that the deposition turned out to be less informative than they had hoped. Plaintiffs should well have known, however, that a Rule 30(b)(6) "deposition is not a vehicle for extracting broadly dispositive, smoking-gun testimony on matters more properly reserved for summary judgment." Blackrock Allocation Target Shares, 2017 WL 9400671, at *1–2 (noting that Rule 30(b)(6) topics should not include those "that would result in a witness merely testifying to information readily available through document production"). Plaintiffs came away with what XpresSpa advised them in advance they could expect from the Rule 30(b)(6) deposition, and the fact that Plaintiffs did secure the kind of decisive statements they would have hoped to improve their claims does not render XpresSpa's conduct lacking in good faith. See Eid, 310 F.R.D. at 229 (declining to award sanctions where plaintiffs failed to meet burden of establishing that defendants' preparation of Rule 30(b)(6) witnesses was deficient).

The Court also finds that Mr. Bernstein's inability to answer certain questions without consulting with XpresSpa's counsel does not support an award of sanctions here. Although sanctions are warranted "where the attorney's conduct 'essentially destroys a deposition,'" Fashion Exch., 333 F.R.D. at 305 (quoting Cameron Indus., Inc. v. Mothers Work, Inc., No. 06 Civ. 1999 (BSJ) (HBP), 2007 WL 1649856, at *5 (S.D.N.Y. June 6, 2007)), that is not what occurred in this case. There were three instances in which XpresSpa's counsel refreshed Mr. Bernstein's

recollection during a break in the testimony—not while a question was pending—and he returned to give a substantive answer. (ECF No. 85 at 17–18). This case stands in contrast to Fashion Exchange, where counsel's "obstruction of the deposition through repeated speaking objections" warranted sanctions under Rule 30(d)(2). 333 F.R.D. at 309. While a better course might have been for XpresSpa's counsel, after Plaintiffs' counsel completed their questioning, to refresh Mr. Bernstein's recollection and pose questions to him on re-direct, XpresSpa's counsel's conduct here in no way interfered with Plaintiffs' counsel's ability to conduct the deposition or obtain substantive testimony. Thus, even if XpresSpa's counsel's conduct could be seen as less than ideal, the Court finds that it "does not reflect a clear showing of bad faith such that sanctions are warranted on that basis." Id.; see Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 340 (2d Cir. 1999) (improper conduct resulting from "poor legal judgment" was not grounds for sanctions).

In addition, unlike other cases awarding sanctions, XpresSpa did not receive prior judicial warnings of the need for compliance with court orders and the risks of non-compliance. See Ramgoolie, 333 F.R.D. at 37 (finding that sanctions were warranted against defendant who had previously been sanctioned for discovery non-compliance, had been "repeatedly warned . . . that continued failure to comply with discovery orders would result in sanctions, and engaged in "continued violation[s]" of the court's orders); Coty Inc. v. Excell Brands, LLC, No. 15 Civ. 7029 (JMF), 2016 WL 7187630, at *2 (S.D.N.Y. Dec. 9, 2016) (awarding sanctions for deficient Rule 30(b)(6) deposition where court had warned defendant that "if the new witness was not prepared, sanctions—including attorney's fees and preclusion of evidence—might be appropriate"); see also S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (affirming award of sanctions against defendants who could not "seriously contend that they were not on notice of their discovery obligations or of the consequences of noncompliance"

11

given the district court's clear instructions and warning that failure to comply would likely result in imposition of default judgment). Because "[a] court must provide sufficient notice to the offending party before entering dispositive sanctions," and that did not occur here, this provides an additional basis for the denial of sanctions against XpresSpa in this case. Ramgoolie, 333 F.R.D. at 38.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Sanctions Motion (ECF No. 84) is denied. The Clerk of the Court is respectfully directed to close ECF No. 84.

Dated: New York, New York
April 2, 2020

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge