USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODGER JENKINS and GREGORY JONES,

    *Plaintiffs*,

            v.

XPRESSPA GROUP, INC.,

    *Defendant*.

No. 19-cv-1774 (VEC)

**JUDGMENT**

VALERIE CAPRONI, United States District Judge:

This action was commenced by Plaintiff Rodger Jenkins ("Jenkins") on February 26, 2019, by the filing of a complaint and the issuance of a summons to Defendant XpresSpa Group, Inc. ("XpresSpa"); XpresSpa appeared and filed its answer to the complaint on April 18, 2019; Plaintiff Gregory Jones ("Jones") was subsequently added as party plaintiff, and Jenkins and Jones (collectively, "Plaintiffs") filed an amended complaint on June 7, 2019; XpresSpa filed its answer to the amended complaint on June 26, 2019; Plaintiffs filed a second amended complaint on July 26, 2019; XpresSpa filed its answer to the second amended complaint on August 9, 2019; on January 3, 2020, the Court granted leave to Plaintiffs to file a third amended complaint, which Plaintiffs filed on January 6, 2020; XpresSpa filed its answer to the third amended complaint on January 27, 2020.

All parties moved for summary judgment. On December 10, 2020, the Court issued an Opinion and Order (ECF Dkt. No. 126) on the parties' motions for summary judgment in which the Court: (a) granted summary judgment to Plaintiffs on their claim arising under Section 2.5(i) of the "Stock Purchase Agreement," and awarded Plaintiffs damages of $750,000 (to be divided 80%–20% between Jenkins and Jones, respectively) with prejudgment at 9% per annum from June

19, 2018; (b) granted summary judgment to XpresSpa and dismissed Jenkins's claim arising under Section 2.5(ii) of the Stock Purchase Agreement; and (c) denied summary judgment to both Jones and XpresSpa on Jones's claim arising under Section 2.5(ii) of the Stock Purchase Agreement due to genuine issues of material fact that the Court determined could not be resolved on summary judgment.

On May 17 and 18, 2021, the Court held a bench trial on Jones's claim against XpresSpa arising under 2.5(ii) of the Stock Purchase Agreement. For the reasons set forth in the Court's findings of fact and conclusions of law read into the record on May 18, 2021, as amended by Order of even date, the Court found in favor of XpresSpa on Jones's claim arising under Section 2.5(ii) of the Stock Purchase Agreement and dismissed that claim.

**NOW, THEREFORE**, it is

**ORDERED, ADJUDGED, AND DECREED**, that Jenkins, who resides at 6401 Beacon Pointe Circle, Hixson, Tennessee 37343, is granted **JUDGMENT** on his claim arising under 2.5(i) of the Stock Purchase Agreement and shall recover from XpresSpa, a corporation organized under the laws of Delaware with its principal place of business 254 West 31st Street, New York, New York 10001, damages in the amount of $600,000.00, plus interest on said damages at the rate of 9% per annum from June 19, 2018, through the date of entry of this Judgment in the sum of $ 158,745.21 , for a total judgment amount of $ 758,745.21 . Jenkins shall also recover from XpresSpa post-judgment interest on this total judgment amount at the rate of .04 % per annum (as calculated pursuant to 28 U.S.C. § 1961(a)), which shall run from the day following the entry of this Judgment; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that Jones, who resides at 1606 Shadwick Cemetery Road, Hixson, TN, 37343, is granted **JUDGMENT** on his claim arising under 2.5(i) of

the Stock Purchase Agreement and shall recover from XpresSpa, a corporation organized under the laws of Delaware with its principal place of business 254 West 31st Street, New York, New York 10001, damages in the amount of $150,000.00, plus interest on said damages at the rate of 9% per annum from June 19, 2018, through the date of entry of this Judgment in the sum of $ 39,686.30, for a total judgment amount of $ 189,686.30. Jones shall also recover from XpresSpa post-judgment interest on this total judgment amount at the rate of .04 % per annum (as calculated pursuant to 28 U.S.C. § 1961(a)), which shall run from the day following the entry of this Judgment; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that XpresSpa is granted judgment on Plaintiffs' claim arising under Section 2.5(ii) of the Stock Purchase Agreement and that claim is dismissed.

**ENTERED.**

_____
**VALERIE CAPRONI**
**United States District Judge**

**Date:** _____May 27_____, **2021**
**New York, New York**